IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA D. BENSON, | § | |
| | § | |
| Defendant Below, | § | No. 215, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1611007969 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 10, 2018
Decided: May 11, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 11th day of May 2018, upon consideration of the notice to show cause and the response, it appears to the Court that:

(1) On April 26, 2018, the appellant, Joshua D. Benson, filed a notice of appeal from an April 19, 2018 Superior Court order denying his motion for appointment of counsel. Benson filed the motion in connection with his first motion for postconviction relief under Superior Court Criminal Rule 61. Benson had pled guilty to Possession of a Firearm by a Person Prohibited and Resisting Arrest on August 1, 2017. The Senior Court Clerk issued a notice directing Benson to show cause why his appeal should not be dismissed based on this Court's lack of

jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal case.

(2)     In his response to the notice to show cause, Benson argues that the Superior Court order denying his motion for appointment of counsel should be treated as final.  Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[1] The Superior Court's denial of Benson's motion for appointment of counsel is an interlocutory, not final, order.[2]  This Court does not have jurisdiction to review this appeal.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g.*, *Harris v. State*, 2013 WL 4858990, at *1 (Del. Sept. 10, 2013) (holding Superior Court order denying motion for appointment of counsel is an interlocutory order).

[3] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding Supreme Court lacks jurisdiction to review interlocutory order in criminal case).